# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>GARY HOFF,<br><br>Defendant. | Case No. 1:19-cv-00923-LJO-SKO<br><br>**FINDINGS AND RECOMMENDATION THAT THIS CASE BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>**FOURTEEN DAY DEADLINE**<br><br>(Doc. 1) |

## I. INTRODUCTION

Plaintiff Gabriel Martinez, appearing *pro se*, filed a Complaint on July 8, 2019. (Doc. 1). On July 16, 2019, the Court entered an Order to Show Cause ("OSC") why this case should not be dismissed for lack of subject matter jurisdiction. (Doc. 3.) The OSC gave Plaintiff fourteen days to file a written response and warned that failure to respond would result a recommendation to the presiding district court judge that this action be dismissed. (*Id*.)

For the following reasons, it is recommended that this action be dismissed without prejudice.

## II. DISCUSSION

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). To proceed in federal court, a plaintiff's pleading must establish the existence of subject matter jurisdiction. Generally, there are two potential bases for federal subject matter jurisdiction: (1) federal question jurisdiction, or (2) diversity jurisdiction.

"[A] case 'arises under' federal law either where federal law creates the cause of action or

'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002), quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Here, the Complaint does not appear to contain any allegation of a violation arising under the Constitution, federal law, or treaties of the United States. Instead, Plaintiff's apparent claims, breach of contract (*see* Doc. 1), arise under state law and do not invoke federal subject matter jurisdiction. *See Hall v. North American Van Lines, Inc.*, 476 F.3d 683, 686 (9th Cir. 2007).

Alternatively, under 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." 28 U.S.C. § 1332. "Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir.2001) (per curiam), abrogated on other grounds by *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), citing 28 U.S.C. § 1332(a). "A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court . . . on discovering the [defect], must dismiss the case, unless the defect be corrected by amendment." *Id.* (quoting *Smith v. McCullough*, 270 U.S. 456 (1926)).

Plaintiff does not make any allegation that diversity jurisdiction exists. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-858 (9th Cir. 2001) ("the party asserting diversity jurisdiction bears the burden of proof."). To the contrary, the Civil Cover Sheet attached to the Complaint alleges that Plaintiff and Defendant are both residents of Fresno County, California (*see* Doc. 1-1), which destroys the requisite complete diversity in this case. *See Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 722 (9th Cir. 2008) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (stating that diversity jurisdiction requires "complete diversity of citizenship"))

1        This Court has an independent duty to consider its own subject matter jurisdiction, whether or not the issue is raised by the parties and must dismiss an action over which it lacks jurisdiction. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988); Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction."). Here, it appears that the Court lacks subject matter jurisdiction over the claims in the complaint.

### III.    CONCLUSION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's complaint be DISMISSED without prejudice.

These findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen days after being served with these findings and recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 6, 2019**                       /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE